RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
NISHA BROOKS-WHITTINGTON
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Nisha_Brooks-Whittington@fd.org

Attorney for Richard Valdez

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Respondent/Plaintiff,<br><br>  v.<br><br>RICHARD VALDEZ,<br><br>  Petitioner/Defendant. | Case No. 2:07-CR-128-PMP-VCF<br><br>**ABRIDGED MOTION TO VACATE, SET ASIDE, OR CORRECT CRIMINAL CONVICTIONS AND SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

Petitioner/Defendant, RICHARD VALDEZ ("Mr. Valdez"), through undersigned counsel, Rene L. Valladares, Federal Public Defender, and Nisha Brooks-Whittington, Assistant Federal Public Defender, hereby files an abridged motion to vacate, set aside, or correct criminal convictions and sentence pursuant to 28 U.S.C. § 2255 ("Abridged Motion to Vacate") in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Pursuant to the First Amended General Order dated April 27, 2016, Mr. Valdez files the instant Abridged Motion to Vacate to comply with the statute of limitations in 28 U.S.C. § 2255(f) and will file a supplemental motion fully briefing the issues presented in the abridged motion to vacate no later than December 26, 2016. *See* First Amended General Order 2015-03 (D. Nev. Apr. 27, 2016). Mr. Valdez further waives any time limitation that appears to be

imposed under Rule 4(b) of the Rules Governing Section 2255 Proceedings to the extent that the "judge who receives the motion must promptly examine it." Mr. Valdez also acknowledges that the delay in setting forth a briefing schedule until *after* his supplemental motion is filed results from his request to allow undersigned counsel additional time to fully brief his *Johnson* claim in order to file a supplemental motion.

DATED this 16th day of June, 2016.

                                    Respectfully submitted,
                                    RENE L. VALLADARES
                                    Federal Public Defender

                       By:  */s/ Nisha Brooks-Whittington*
                                    NISHA BROOKS-WHITTINGTON
                                    Assistant Federal Public Defender

**ISSUE**

On August 8, 2012, this Court sentenced Mr. Valdez to a term of 110 months' imprisonment after finding that he had a prior conviction that qualified as a "crime of violence" under U.S.S.G. § 4B1.2(a), which in turn resulted in an offense level increase under U.S.S.G. § 2K2.1(a)(4)(A)). Specifically, the Court found that Mr. Valdez had a conviction that qualified as a "crime of violence." However, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Valdez's prior conviction for robbery with use of a deadly weapon in commission of a crime is no longer a "crime of violence."

In *Johnson*, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557. It follows from *Johnson* that the identical residual clause in U.S.S.G. § 4B1.2(a)(2) is also void for vagueness. Thus, the only remaining question here is whether Mr. Valdez's robbery with use of a deadly weapon in commission of a crime offense qualifies as a "crime of violence" under the remaining "enumerated offenses" clause or "force" clause of U.S.S.G. § 4B1.2(a). It does not qualify as a "crime of violence" under the enumerated offenses clause because it is not generic burglary of a dwelling, arson, extortion, or use of explosives offense. Likewise, it does not qualify as a "crime of violence" under the force clause because it 1) does not have as an element the use, attempted use, or threat of violent physical force, and 2) does not require the intentional use, attempted use, or threat of violent physical force. Hence, after *Johnson*, Mr. Valdez's offense of robbery with use of a deadly weapon in commission of a crime is not a "crime of violence," and his current sentence violates due process in violation of 28 U.S.C. § 2255(a).

Mr. Valdez's motion is timely under 28 U.S.C. § 2255(f)(3) because it is filed well within one year of the Supreme Court's decision in *Johnson* which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Thus, Mr.

Valdez respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and resentence him.

Due to time constraints, counsel cannot at this time fully brief the issues presented in this motion. Therefore, pursuant to the First Amended General Order 2015-03, Mr. Valdez files this Abridged Motion to Vacate and agrees to file a timely supplement no later than December 26, 2016. *See* First Amended General Order 2015-03 (D. Nev. Apr. 27, 2016).

DATED this 16th day of June, 2016.

>Respectfully submitted,
>
>RENE L. VALLADARES
>Federal Public Defender
>
>By: */s/ Nisha Brooks-Whittington*
>
>NISHA BROOKS-WHITTINGTON
>Assistant Federal Public Defender

**ORDER**

IT IS SO ORDERED.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

**DATE:** June 22, 2016.

4

## CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that she is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on June 16, 2016, she served an electronic copy of the above and foregoing **ABRIDGED MOTION TO VACATE, SET ASIDE, OR CORRECT CRIMINAL CONVICTIONS AND SENTENCE PURSUANT TO 28 U.S.C. § 2255** by electronic service (ECF) to the person named below:

> DANIEL G. BOGDEN
> United States Attorney
> BRADLEY GILES
> Assistant United States Attorney
> 501 Las Vegas Blvd. South
> Suite 1100
> Las Vegas, NV 89101

*/s/*
Employee of the Federal Public Defender