UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD VALDEZ,<br><br>Defendant. | Case No. 2:07-cr-00128-RFB-VCF<br><br>**ORDER** |

### I. INTRODUCTION

Before the Court is Defendant Richard Valdez's Motion [129] to Vacate Sentence and Defendant Valdez's Motion [136] for Voluntary Dismissal of Pending Motion. The Court grants the latter motion and dismisses it without prejudice.

### II. BACKGROUND

Defendant pleaded guilty, pursuant to a plea agreement, to unlawful possession of a firearm by a previously convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF Nos. 89, 90. On August 7, 2012, this Court sentenced Defendant to 110 months' imprisonment after finding that he had a prior conviction that qualified as a "crime of violence" under U.S.S.G. § 4B1.2(a), which in turn resulted in an increased base offense level under U.S.S.G. § 2K2.1(a)(4)(A). Judgment was entered on August 8, 2012. ECF No. 99. The Ninth Circuit dismissed Defendant's appeal on December 30, 2013. ECF No. 120.

More than a two years later, on June 16, 2016, Defendant filed an abridged motion to vacate sentence under 28 U.S.C. § 2255, ECF No. 125, and he filed a complete § 2255 motion on October 14, 2016. ECF No. 129. In his motion, Defendant contends that he is entitled to collateral relief

under Johnson v. United States, 135 S. Ct. 2551 (2015). Specifically, he contends (1) that in light of Johnson's holding that the ACCA's residual clause is unconstitutionally vague, the identically worded residual clause in the career offender guideline, USSG § 4B1.2, is also unconstitutionally vague; (2) that invalidation of the career offender residual clause on constitutional vagueness grounds is retroactively applicable to cases on collateral review; and (3) that using a base offense level predicated on a prior conviction for a crime of violence under USSG § 2K2.1 violated his due process rights because his prior conviction no longer qualifies as a crime of violence in light of Johnson.

The government filed its response to Defendant's motion on November 30, 2016. ECF No. 131. The government argues 1) that Defendant's prior felony conviction for robbery with use of a deadly weapon qualifies as a crime of violence based on its elements, and thus the residual clause is irrelevant; 2) that if the Court were to conclude that a decision on Defendant's motion required resolution of the legal question whether Johnson's invalidation of the ACCA residual clause provides any possibility of retroactive relief to cases of collateral review for defendants challenging their guidelines calculations, it should stay proceedings pending resolution of that question by the Supreme Court in Beckles v. United States, No. 15-8544; and 3) that, in any event, that Johnson does not apply retroactively to Guidelines challenges on collateral review. ECF No. 131. On March 6, 2017, the Supreme Court issued its decision in Beckles v. United States, 137 S. Ct. 886 (2017). In Beckles, the Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that §4B1.2(a)'s residual clause is not void for vagueness." Id. at 895.

On April 20, 2017, Defendant filed the instant motion for voluntary dismissal of his § 2255 motion. ECF No. 136.

### III.  DISCUSSION

#### A. Legal Standard

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255(f)(3), the

one-year statute of limitations for seeking habeas relief runs from "the date on which the right asserted was initially recognized by the Supreme Court." Id. Denial of a habeas petition or motion is also appropriate where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Federal Rule of Civil Procedure 41(a)(1)(A)(i) allows for the voluntary dismissal of a case by a plaintiff without a court order where a notice of dismissal is filed before the opposing party has answered or filed a motion for summary judgment. Rule 41(a)(2) permits dismissal by a court at the request of the plaintiff "on terms that the court considers proper." Id.

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). "[T]he the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996).

**B. Application**

The Court grants Valdez's motion for voluntary dismissal without prejudice. The Ninth Circuit has directed district courts to grant requests for voluntary dismissal under Rule 41(a)(2) unless there is "plain legal prejudice." Westlands Water Dist., 100 F.3d at 96. The government's assertion that such a dismissal *might* impact a court's consideration of a possible, but as of yet unfiled, "future" habeas petition as successive (or not) does not establish "plain legal prejudice." Id.[1] A future petition may or may not be filed and its subject matter may or may not implicate the

---

[1] Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim. See McCleskey v. Zant, 499 U.S. 467, 494-95 (1991). A federal prisoner may not file a second or successive § 2255 petition unless he or she makes a prima facie showing to the appropriate court that the petition is based on: (1) "a new rule," (2) "of constitutional law," (3) "made retroactive to cases on collateral review by the Supreme Court," (4) "that was previously unavailable." 28 U.S.C. § 2255(h)(2); Tyler v. Cain, 533 U.S. 656, 662 (2001).

Section 2255 motion discussed here. Such ambiguity and uncertainty cannot establish "plain legal prejudice."[2]

The Court is also unpersuaded that Rule 41 does not apply to Section 2255 motions. The government cites no authority for the proposition that Rule 41 cannot and should not apply to such motions. And the Ninth Circuit has applied the Federal Civil Rules of Procedure to circumstances, such as here, where the Rules Governing Section 2255 motions do not explicitly address the specific procedural inquiry. See e.g., In re Morris, 363 F.3d 891, 893 (9th Cir. 2004) (applying Rule 15(a) to habeas action with the same force that it applies to other civil cases).

### IV. CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion [136] to Voluntarily Dismiss His Motion is GRANTED. This motion is dismissed without prejudice. All other outstanding motions are DENIED without prejudice as moot.

DATED this 20th day of February, 2018.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

---

[2] Moreover, such uncertainty is heightened by the fact that it is unclear why even logically or rationally Valdez would file a "successive" motion on the same grounds given the Supreme Court's holding in Beckles. It is difficult to grasp how the government would be prejudiced if an identical motion were filed as it would be able to assert identical responsive arguments under Beckles.